## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Katie L Cunningham, | |
| Plaintiff. | Case No. 23-cv-14285 |
| v. | Judge John F. Kness |
| Northeast Illinois Regional Commuter Railroad Corp., | |
| Defendant. | |

### JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

### I.   Nature of the Case

A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

| Plaintiff (Cunningham) | Defendant (Metra) |
|---|---|
| **LEAD/LOCAL**<br>**James T. Foley**<br>**Foley Law Group, LLC**<br>**580 Oakmont Lane**<br>**Westmont, IL 60559**<br>jfoley@foleylawgroup.com | **LEAD**<br>**Minya L. Coleman**<br>**Metra Law Department**<br>**547 W. Jackson Blvd.**<br>**Chicago, IL 60611**<br>mcoleman@metrarr.com |
| **James A. Ebert**<br>**James A. Ebert, LLC**<br>**1720 Mars Hills Road, Suite 120-118**<br>**Acworth, GA 30101** | **Dylan Shiver**<br>**Metra Law Department**<br>**547 W. Jackson Blvd.**<br>**Chicago, IL 60611**<br>dshiver@metrarr.com |

B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things: first, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business; second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of every partner or member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

1. **Federal Question jurisdiction under a theory that Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1964. The conduct complained of is alleged to have occurred within this Judicial District. Defendant is an Illinois Municipal corporation headquartered in Chicago, Illinois.**

C. Provide a short overview of the case. (Please be brief.)

1. **Plaintiff, an employee of Metra, alleges that she was discriminated against and harassed because of an alleged disability. Specifically, Plaintiff claims that she was constructively terminated after she was wrongfully required to undergo a series of drug tests by her employer, Metra. Plaintiff believes that additional, "retaliatory" drug tests were required and that she was constructively terminated only after she disclosed a disability to Metra.**

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

| Claim | Theory |
|---|---|
| **Violation of Civil Rights Act of 1964** | **Plaintiff alleges that her rights were violated, when she was terminated following a "failed" drug test which showed evidence of prescribed** |

| | medication previously approved by Defendant. |
|---|---|
| **Constructive Retaliatory Discharge** | **Plaintiff failed a drug test. A "serious first" violation of Defendant's Drug and Alcohol Policy may result in immediate termination. Plaintiff was constructively discharged** |
| **ADA Discrimination** | **Plaintiff was subjected to discriminatory drug testing after Plaintiff identified a disability to Defendant** |
| **HIPAA Violation** | **Defendant violated HIPAA when various employees allegedly discussed Plaintiff's medical records/history/condition via email.** |

## Affirmative Defenses

1. **All claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.**

2. **All claims are barred to the extent that they are governed by the terms and provisions of the applicable Collective Bargaining Agreement and Plaintiff's failure to exhaust all available administrative remedies.**

3. **All claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.**

4. **The federal discrimination/retaliation claims are barred to the extent that they were not alleged or encompassed within the administrative charge(s) filed by the Plaintiff, or the administrative investigation(s) thereof.**

5. **All claims must be dismissed because Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant, or to avoid her alleged harm otherwise.**

6. **Plaintiff's claims for various relief are barred to the extent Plaintiff has failed to mitigate such alleged damages.**

7. **Plaintiff's claims are barred because her employment was terminated for a legitimate, non-discriminatory reason.**

    E.    What are the principal factual issues? (Please be brief.)

        1. **Whether Plaintiff properly filed her complaints with the EEOC or IDHR.**
        2. **Whether Plaintiff properly disclosed her disability (if any) or sought an accommodation (if any).**
        3. **Whether Plaintiff was "terminated."**
        4. **Whether Defendant retaliated against Plaintiff in any way**

    F.    What are the principal legal issues? (Please be brief.)

        1. **See D above.**

    G.    What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?

        1. **Money Damages**

    H.    Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

        1. **Yes.**

II.    **<u>Case Scheduling and Discovery</u>**

    A.    Propose a discovery schedule. Include the following deadlines: (1) any amendment to the pleadings to add new claims, or new parties; (2) service of process on any "John Doe" defendants; (3) the completion of

fact discovery; (4) the disclosure of plaintiff's expert report(s); (5) the deposition of plaintiff's expert; (6) the disclosure of defendant's expert(s); (7) the deposition of defendant's expert; and (8) dispositive motions. **Fill in the blanks below.** Also, submit a Word version of the proposed scheduling order to Judge Kness's proposed order inbox:

Proposed_Order_Kness@ilnd.uscourts.gov.

The template is available on the Court's webpage.

The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time to join other parties, amend the pleadings, complete discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | **Consistent with the Court's Standing Order on "Motions to Dismiss".** |
| Service of process on any "John Does" | **DNA** |
| Completion of Fact Discovery | **January 31, 2025** |
| Disclosure of Plaintiff's Expert Report(s) | **March 30, 2025** |
| Deposition of Plaintiff's Expert | **May 30, 2025** |
| Disclosure of Defendant's Expert Report(s) | **July 31, 2025** |
| Deposition of Defendant's Expert | **October 31, 2025** |
| Dispositive Motions | **December 31, 2025** |

    B.    How many depositions do the parties expect to take?

        **1.  Defendant anticipates taking approximately 5 depositions.**
        **2.  Plaintiff anticipates taking 7 or less depositions.**

    C.    Do the parties foresee any special issues during discovery?

        **1.  Not at this time.**

    D.    Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

        If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Kness's proposed order inbox.

## III.   <u>Trial</u>

    A.    Have any of the parties demanded a jury trial?

        **1.  Yes**

    B.    Estimate the length of trial.

        **1.  3-5 days**

## V.   <u>Settlement, Referrals, and Consent</u>

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

        **1.  To date, there have been no settlement discussions.**

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

        1.  **At the present time, the Parties believe a settlement conference is premature.**

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

        1.  **Yes.**

## IV.  <u>Other</u>

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

        1.  **Not at this time.**

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

        1.  **Defendant intends to file a Motion to Dismiss the Complaint.**

                                        Respectfully Submitted,
                                        Katie Cunningham & Metra

| For Plaintiff | For Defendant |
|---|---|
| /s/ Jim Foley | /s/ Dylan Shiver |
| | |
| James T. Foley | Dylan Shiver |
| Foley Law Group, LLC | Metra Law Department |
| 580 Oakmont Lane | 547 W. Jackson Blvd. |
| Westmont, IL 60559 | Chicago, IL 60611 |
| jfoley@foleylawgroup.com | dshiver@metrarr.com |