IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katie L Cunningham,<br><br>       Plaintiff.<br><br>  v.<br><br>Northeast Illinois Regional Commuter Railroad Corp.,<br><br>       Defendant. | Case No. 23-cv-14285<br><br>Judge John F. Kness |

**DEFENDANT METRA'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)**

Defendant, Northeast Illinois Regional Commuter Railroad Corp. d/b/a Metra, by and through its undersigned attorneys, reply as follows in support of its motion to dismiss Plaintiff's Complaint [Dkt #1]:

1. Plaintiff filed her Complaint and Jury Demand on September 29, 2023.

2. Defendant was served with a copy of the Complaint and waived service.

3. On January 2, 2024, Defendant timely filed the immediate motion to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

4. On January 5, 2024, this Court entered an Order [Dkt. #12] consistent with the Court's Standing Order regarding Motions to Dismiss and Fed. R. Civ. P. 15 outlining two potential paths for Plaintiff to respond to Defendant's Motion:

    a. "[Plaintiff] has a right to amend its pleading once within 21 days [of Defendant's filing]. Fed. R. Civ. P. 15(a)(1)(B)." Or

      b. "If Plaintiff elects not to amend but instead chooses to litigate the motion to dismiss, Plaintiff (unless ordered otherwise) must file its response within 28 days of the filing of the motion [by February 1, 2024], and Defendant must file its reply within 14 days of the filing of the response." [Dkt. #12].

5. Plaintiff did not file an amended Complaint within 21 days of being served with Defendant's motion to dismiss as required under Fed. R. Civ. P. 15(a)(1)(B).

6. Additionally, to date, Plaintiff has filed no response to the instant motion.

7. Pursuant to the Court's Standing Order regarding Motions to Dismiss, "If the parties litigate the motion to dismiss and the moving party prevails, the nonmoving party is advised that the Court may dismiss the case with prejudice under the appropriate legal standards."

8. Here, Plaintiff has not amended her Complaint, has not cured the defects in her Complaint, nor repudiated the allegations in Defendant's motion to dismiss.

9. While the Seventh Circuit has held that a motion to dismiss cannot be granted solely because it is unopposed, (*see* <u>Marcure v. Lynn</u>, 992 F.3d 625, 633 (7th Cir. 2021)), this Court has the power to grant motions as unopposed where the non-movant has failed to meet a briefing schedule and the motion states adequate grounds

for the relief requested. <u>Bonvolanta v. Delnor Cmty. Hosp</u>., 413 F. Supp. 2d 906, 908 (N.D. Ill. 2005).

10. Further, Local Rule 78.3 of this court states in relevant part: "Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing." L.R. 78.3.

11. Accordingly, because Plaintiff has failed to comply with the Court's January 5, 2024 Order [Dkt #12], any opposition to Defendant's Motion to Dismiss has been waived. Further, because Defendant's Motion to Dismiss states adequate grounds for the relief requested, Defendant's unopposed Motion to Dismiss should be granted.

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice and for any other such relief this Honorable Court deems appropriate.

| | |
|---|---|
| Dated: February 16, 2024 | Respectfully submitted,<br><br>Northeast Illinois Regional Commuter<br>Railroad Corporation, d/b/a Metra<br><br><u>By: Dylan D. Shiver</u><br>Dylan D. Shiver (#6328636)<br>Attorney for Defendant |

METRA LAW DEPARTMENT
547 W. Jackson Blvd.
Chicago, IL 60611
312.322.6627
dshiver@metrarr.com