IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE L. CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:23-cv-14285 |
| ) | |
| V. ) | Judge: John F. Kness |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | Trial by Jury Demanded |
| COMMUTER RAILROAD, d/b/a ,METRA ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO METRA'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES the Plaintiff, through her attorneys, James T. Foley, Foley Law Group, LLC., and James A. Ebert, James A. Ebert, LLC., and for her Response In Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint, states as follows:

**BACKGROUND OF PLEADINGS**

Plaintiff filed her initial complaint against her employer, Defendant METRA on or about September 23, 2023. Plaintiff's initial complaint consisted of 14 paragraphs and three counts against Defendant METRA. Count I was a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, Count II was a claim for retaliatory discharge, and in Count III of her complaint, Plaintiff alleged a HIPAA violation.

On January 02, 2024 Defendant METRA filed its initial Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). On February 20, 2024 Plaintiff filed her First Amended Complaint, and due to Plaintiff's untimely filing of the Amended Complaint, Defendant METRA file its Motion to Strike Plaintiff's Amended Complaint.

On February 27, 2024, following a Hearing on Defendant's Motion to Strike, this Court granted the Motion to Strike Plaintiff's First Amended Complaint and allowed Plaintiff to file a Motion for Leave to File an Amended Complaint. Plaintiff filed her Motion for Leave to File an Amended Complaint on March 08, 2024, and on March 15, 2024 Plaintiff filed her Second Amended Complaint, consisting of 2 counts, Count I being a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, and Count II a claim for retaliatory discharge.

On April 05, 2024, Defendant METRA filed its Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. Rule Civ. P. 12(b)(6). On December 02, 2024, the Court granted Defendant METRA's Motion to Dismiss Plaintiff's Second Amended Complaint Without Prejudice and Plaintiff was given leave to file a third amended complaint by December 23, 2024. (Docket Entry 37). On December 23, 2024 Plaintiff filed her Third Amended Complaint (Docket Entry 39). On January 13, 2025 Defendant METRA file its Motion to Dismiss Plaintiff's Third Amended Complaint (Docket Entry 41) and its Memorandum of Law in Support. (Docket Entry 42).

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. (8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 5443, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct.

2

99, 2 L.Ed. 2d 80 (1957). As the Seventh Circuit teaches this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiff's out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002)).

Under the federal notice pleading standard, a Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (Quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, (7thCir. 2010)  (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

## ANALYSIS

Plaintiff began her employment with Defendant METRA on March 03, 2014, and underwent a pre-employment physical. (3rd CAL paragraph 5). In February of 2015, nearly one year after she began her employment with Defendant, Plaintiff underwent medical treatment and was diagnosed with serious medical conditions, which continue and have become chronic. (3rd CAL, pargraphs7, 8). When Plaintiff was diagnosed with her serious medical condition, she communicated with Defendant's medical department regarding her conditions; she complied with all of Defendant's medical department and operating department policies and procedures regarding her treatment, her prescribed prescription medication, and her ability to perform the

3

duties of her position as an apprentice machinist. (3rd CAL, paragraph 8). Since February of 2015 and to the present, at least once per year, Plaintiff has been required to provide Defendant with a list of all of her prescribed prescription medication. (3rd CAL, paragraph 14).

At Defendant METRA's direction in 2015 Plaintiff applied for and was granted intermittent FMLA as a result of her serious and chronic medical condition. As part of the application process for intermittent FMLA, Plaintiff was required to identify and provide Defendant METRA with her medical condition; her prescribed medications; her treatment plan; and have the application reviewed and signed by her treating physician, all of which was provided to her employer, Defendant METRA. (3rd CAL, paragraphs 10 – 13).

At paragraph seven (7) of her Third Amended Complaint, Plaintiff clearly and definitively set forth her specific diagnoses resulting in her disabilities; the extent of her disabilities; and the way in which her disabilities impact her abilities to carry out her life activities.

The general rule in federal court calls only for notice pleading. (See *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)). A Plaintiff charging violation of the Americans with Disabilities must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation and has suffered an adverse employment action because of his disability. See *Gogos v. AMS Mechanical Systems, Inc.,* 737 F.3d 1170, 1172 (7th Cir. 2013) A Defendant is entitled to "fair notice" in the complaint, of the Plaintiff's complaint. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002). Defendant METRA cannot claim it did not have knowledge of Plaintiff's disability under the ADA, when in fact it had knowledge since 2015. It cannot claim that it did not have "fair notice" of her claim, when in fact

4

she had provided Defendant METRA with information, records, and documentation from her treating physicians as far back as 2015. In fact, Defendant METRA's medical department and its operating department had knowledge and information regarding Plaintiff's disability from 2015 up to and including the date it terminated her employment for testing positive to an approved prescription medication. Further, Plaintiff's Third Amended Complaint specifically, clearly, and definitively sets forth her diagnoses; the way in which her disabilities impact her ability to perform major life activities. In paragraph seven (7) of her Third Amended Complaint, Plaintiff alleges that her disabilities result in fatigue, restlessness, inability to sleep, depression, manic episodes, risk taking behaviors, aggression, agitation, impulsivity, psychosis, and delusional thoughts, all of which impact and limit her ability to carry out her daily life activities.

In order to prevent dismissal under Rule 12(b)(6), the complainant merely needs to give the Defendant sufficient notice to enable him to begin to investigate and prepare a defense. *Tamayo v. Blagojevich,* 526 F.3d 1074. 1085 (7th Cir. 2008) (Plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender"). Plaintiff has given Defendant METRA sufficient notice to begin to investigate and prepare a defense. Plaintiff's Third Amended Complaint, specifically at paragraph seven (7) of her Third Amended Complaint has provided Defendant METRA sufficient notice and specific facts 5to both begin an investigation and prepare its defense.

To plead a retaliation claim under Title VII, a Plaintiff must allege that she engaged in statutorily protected activity and was subjected to averse employment action as a result of that activity, although she need not use those terms. See *McKenzie v. Illinois Dept. of Transp.,* 92 F.3d 473, 483 (7th Cir. 1996). "To establish a *prima facia* case of retaliation, an employee need

5

not present proof of a causal link between the protected expression in which the Plaintiff engaged (as by filing a complaint about an unlawful act by his employer) and the adverse employment action of which he is complaining." *Johnson v. Cambridge Industries, Inc.,* 325 F.3d 892,897 (7th Cir. 2003). Here, in Plaintiff's case, the statutorily protected activity was the fact that Plaintiff was a disabled employee of the Defendant METRA pursuant to the ADA, she had been successfully working with her disability and the reasonable accommodation that she be allowed to perform her job while taking approved prescription medication, with the full knowledge, consent and approval of her employer, Defendant METRA. The materially adverse action was her termination when she failed an employer mandated drug test for taking an approved medication.

Plaintiff has therefore sufficiently pled a claim for retaliation. Plaintiff's claims are plausible on their face because she has alleged enough facts to raise a reasonable expectation that discovery in this lawsuit will reveal evidence supporting her allegations. See *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

## CONCLUSION

WHEREFORE, Plaintiff, Katie Cunningham requests that this Court deny Defendant METRA's Motion to Dismiss Plaintiff's Third Amended Complaint, and for any other relief that this Court deems just and appropriate.

Respectfully submitted this 14th day of February, 2025.

                                                    Respectfully submitted,

                                                    KATIE L. CUNNINGHAN

                              By:     <u>s/s James T. Foley</u>
                                                    Attorney for Plaintiff

James T. Foley
Foley Law Group, LLC.
580 Oakmont Lane
Westmont, IL 60559
(630) 908-3508
jfoley@foleylawgroup.com

**CERTIFICATE OF SERVICE**

I, James Foley, certify that I caused a copy of the foregoing document to be served upon the following persons by filing it electronically via ECF on February 14, 2025:

Renee L. Koehler  
KOEHLER DINKEL LLC.  
900 South Frontage Road, Suite 300  
Woodridge IL 60517  
rkoehler@kdllclaw.com

                                        s/s James T. Foley  
                                        Attorney for Plaintiff