**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATIE L. CUNNINGHAM,<br>    Plaintiff<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL<br>COMMUTER RAILROAD CORP.,<br>    Defendant. | Case No. 23-cv-14285<br><br>Magistrate Judge Gabriel A. Fuentes |

**JOINT RULE 26(f) STATUS REPORT**

Katie Cunningham ("Plaintiff") and Northeast Illinois Regional Commuter Railroad Corp. ("METRA" or "Defendant) (together, "Parties"), by and through their undersigned attorneys, have conferred under Rule 26(f) and submit the Parties' Joint Rule 26(f) Status Report pursuant to this Court's August 22, 2025, Order (ECF No. 52).

    **I.**    **Description of Claims and Relief Sought.**

        a.  Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction. Include enough detail to color in the nature of the key factual allegation(s) and dispute(s).

           **In his August 2, 2025, Order (ECF No. 50), Judge John F. Kness granted Defendant METRA's Motion to Dismiss Plaintiff's Third Amended Complaint as to Count II, dismissing Count II in its entirety with prejudice, and denied METRA's Motion to Dismiss as to Count I. Pursuant to Judge Kness's Order, METRA intends to file an Answer and Affirmative Defenses on September 2, 2025.**

           **Basis for federal jurisdiction: Plaintiff asserts Federal Question jurisdiction under 28 U.S.C. § 1343 under a theory that METRA allegedly violated Plaintiff's rights pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.***

           **Plaintiff's remaining Count I claim: While Plaintiff does not identify a cause of action and cites to the Civil Rights Act of 1964, Count I appears to plead a disability discrimination claim, presumably under the ADA. Plaintiff, a current employee of METRA, pleads that she was discriminated against based**

1

on an alleged disability when she was allegedly terminated after she failed a drug test.

**Affirmative defenses**: Defendant METRA asserts various affirmative defenses including but not limited to: waiver (as Plaintiff's claim is barred by a valid leniency reinstatement agreement in relation to the charge of alleged violation of METRA's policies); lack of timeliness in filing an amended pleading or response to METRA's motion to dismiss; failure to exhaust administrative remedies as there was no Title VII violation alleged in her EEOC charge; improper pleading under Title VII; failure to exhaust grievance and arbitration procedures under the collective bargaining agreement; failure to mitigate damages and/or failure to plead an entitlement to damages including but not limited to back wages and equitable relief; failure to plead entitlement to punitive damages under Title VII or, alternatively, under the ADA; and failure to plead a valid cause of action. METRA reserves the right to amend and assert additional defenses that may arise through the discovery process.

b. State the relief sought, including an itemization of damages.

**Plaintiff's relief sought:**

**Plaintiff seeks to recover all back pay and interest; her attorney's fees and costs with interest, including expert witness fees pursuant to Title 42 U.S.C. Sections 2000e-5(k).**

**Defendant's relief sought:**

- **Dismissal of Third Amended Complaint in its entirety with prejudice;**
- **Issuance of judgment in METRA's favor and against Plaintiff;**
- **Compensatory damages;**
- **Attorney's fees and costs with interest for defending this action.**

II. **Referral Cases.**

Describe the matter(s) referred to the magistrate judge.

**Pursuant to Local Rule 72.1 and Judge John F. Kness's Order dated August 21, 2025 (ECF No. 51), this case is referred to the Honorable Gabriel A. Fuentes for the purpose of holding proceedings related to discovery supervision (including entering or amending all case management orders and resolving all discovery- related motions), along with any settlement matters.**

III. **Discovery Schedule.**

Identify any existing discovery cut-off dates. If no discovery schedule has yet been set, and the case has been referred for discovery supervision, the parties should confer and submit the following information:

a. Initial Disclosures

   i. The due date for Fed. R. Civ. P. 26(a)(1) disclosures.

   **October 31, 2025**

   ii. A date to issue written discovery requests.

   **November 30, 2025**

b. Fact Discovery Completion Date

   **April 30, 2025**

c. Expert Discovery – If there will be expert discovery, proposed dates for Rule 26(a)(2) expert disclosure reports and depositions, with an expert discovery completion date, or a proposal to defer expert discovery schedule until nearer the close of fact discovery (often the Court's preference).

   **The Parties propose to defer the expert discovery schedule until nearer to the close of fact discovery.**

d. Dispositive Motions

   **The Parties propose a cutoff date of 90 days after the completion of all discovery as METRA intends to file a Motion for Summary Judgment after the conclusion of discovery.**

IV. **Consideration of Issues Concerning ESI.**

State whether the parties anticipate or are engaged in discovery of ESI in this case and, if so, what agreements have been reached regarding ESI and whether there are any areas of disagreements.

**The parties do not anticipate engaging in discovery of ESI in this case.**

V. **Settlement.**

a. Describe the status of settlement discussions.

3

**To date, the Parties have not discussed settlement.**

b. State whether all parties wish to participate in a settlement conference or believe such a conference would be productive.

**The Parties do not mutually request a settlement conference at this time.**

VI. **Magistrate Judge Consent.**

State whether all parties will consent to have Judge Fuentes conduct all further proceedings in this case, including trial and entry of final judgment, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

**The Parties do not consent to the jurisdiction of the Magistrate Judge.**

VII. **Pending Motions.**

Indicate the status of any pending motions.

**This Court granted Defendant METRA's Motion to Dismiss Count II of Plaintiff's Third Amended Complaint in its entirety with prejudice on August 21, 2025 (ECF No. 50). Pursuant to this Court's Order on August 21, 2025 (ECF No. 50), Defendant METRA intends to file its Answer and Affirmative Defenses to Count I of Plaintiff's Third Amended Complaint on September 2, 2025. Furthermore, METRA intends to file a Motion for Summary Judgment after the close of discovery.**

VIII. **Trial.**

In consent cases, state whether a jury trial is requested, the date when the parties expect to be ready for trial, and the probable length of trial.

**N/A.**

IX. **Other Matters.**

State any other matters that should be brought to the Court's attention for scheduling purposes.

**N/A.**

| | |
|---|---|
| **Date:** September 2, 2025 | Respectfully submitted, |
| | **KATIE CUNNINGHAM AND METRA** |
| *For Plaintiff:* | *For Defendant:* |
| */s/ Jim Foley* <br> James T. Foley <br> FOLEY LAW GROUP, LLC <br> 580 Oakmont Lane <br> Westmont, Illinois 60559 <br> Phone: (630) 908-3508 <br> Email: jfoley@foleylawgroup.com | */s/ Renée L. Koehler* <br> Renée L. Koehler <br> KOEHLER DINKEL LLC <br> 900 South Frontage Road, Suite 300 <br> Woodridge, Illinois 60517 <br> Phone: (630) 505-9939 <br> Email: rkoehler@kdllclaw.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 2, 2025, she caused to be filed electronically the foregoing **JOINT RULE 26(f) STATUS REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

> James T. Foley
> FOLEY LAW GROUP, LLC
> 580 Oakmont Lane
> Westmont, Illinois 60559
> Phone: (630) 908-3508
> Email: jfoley@foleylawgroup.com

By: */s/ Renée L. Koehler*
Renée L. Koehler
KOEHLER DINKEL LLC
900 South Frontage Road, Suite 300
Woodridge, Illinois 60517
Phone: (630) 505-9939
Email: rkoehler@kdllclaw.com