IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE L. CUNNINGHAM,<br>    Plaintiff,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL<br>COMMUTER RAILROAD, d/b/a METRA,<br>    Defendant. | Case No.: 1:23-cv-14285<br><br>Honorable John F. Kness |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

For its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, Defendant Northeast Illinois Regional Commuter Railroad, d/b/a/ METRA ("METRA"), by and through its counsel, denies each and every allegation set forth in the Third Amended Complaint except as admitted and/or qualified below:

**JURISDICTION AND VENUE**

1. This is a claim for relief under the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) et seq., Federal Question Jurisdiction is invoked under 28 U.S.C. 1343(4).

**ANSWER:** METRA denies that Plaintiff's Third Amended Complaint brings claims under Title VII of the Civil Rights Act of 1964 and affirmatively states that Plaintiff improperly brings claims under Title VII. METRA admits that Plaintiff purports to establish subject-matter jurisdiction under 28 U.S.C. § 1343, but METRA denies all alleged violations of Title VII or any other statute named in Plaintiff's Third Amended Complaint.

2. The conduct complained of occurred within this Judicial District. Defendant is an employer within the meaning of the Act.

1

**ANSWER:** Paragraph 2 of Plaintiff's Third Amended Complaint states legal conclusions, not allegations of fact, for which no answer is required. To the extent that an answer is required, METRA denies.

## ADMINISTRATIVE PROCEDURES

**3.     On January 11, 2023, Plaintiff filed a charge of employment discrimination and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) et seq., and the American with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq* (1990), Charge Number 440-2023-02599. A right-to-sue letter was issued from the Equal Employment Opportunity Commission on July 07, 2023 on grounds that it was unable to conclude that the information obtained establishes violations of the Statute. Plaintiff received said notice, Charge Number 440-2023-02599 on or about Friday, July 07, 2023. A copy of the right-to-sue letter is attached hereto, along with the charge of discrimination, which are incorporated herein and attached as a group Exhibit A, as though fully set forth.**

**ANSWER:** METRA denies the allegations in paragraph 3 of Plaintiff's Third Amended Complaint and affirmatively states that no right-to-sue letter, charge of discrimination, or any other document was attached as an exhibit to Plaintiff's Third Amended Complaint.

**4.     This suit has been timely filed within 90 days of Plaintiff's receipt of the right-to-sue letter.**

**ANSWER:** METRA admits that Plaintiff filed the instant suit (the original Complaint) within 90 days of the date on the EEOC right-to-sue letter but denies timely filing of any alleged Title VII claim.

## STATEMENT OF CLAIM

**5.     Plaintiff began her employment with Defendant METRA on March 03, 2014. As part of the employment application/hiring process, Plaintiff was given a pre-employment physical and was drug tested. Plaintiff successfully passed both and was hired as a laborer for Defendant.**

**ANSWER:** METRA admits that Plaintiff began her employment with METRA on March 3, 2014, as a Laborer in the Mechanical Department; that METRA performs drug and alcohol testing based on federal rules when required and based on its own authority pursuant to METRA's Drug

2

and Alcohol Policy; and that METRA treated Plaintiff consistently with its Drug and Alcohol Policy at all times.

**6. On or about February 02, 2015, Plaintiff was accepted into the apprenticeship program as a machinist for Defendant METRA.**

**ANSWER:** METRA denies the allegations in paragraph 6 of Plaintiff's Third Amended Complaint.

**7. Beginning in February of 2015, Plaintiff sought medical treatment for multiple medical conditions, and was subsequently diagnosed with several serious and chronic physical and mental ailments, including, but not limited to Bipolar Disorder and Attention Deficit/Hyperactivity Disorder (ADHD). Plaintiff's medical and mental illness, untreated, resulted in fatigue, restlessness, inability to sleep, depression, manic episodes, risk taking behaviors, aggression, agitation, impulsivity, psychosis, and delusional thoughts. As a part of her medical treatment, Plaintiff was prescribed several prescription medications, long with cognitive behavioral therapy (CBT). Absent the medication prescribed to the Plaintiff and the CBT, Plaintiff experienced the inability to routinely carry out activities of daily life, and difficulty carrying out the duties and responsibilities of her job, including the inability to consistently work safely.**

**ANSWER:** METRA denies the allegations in paragraph 7 of Plaintiff's Third Amended Complaint.

**8. At all times subsequent to her diagnosis and treatment for above referenced ailments, Plaintiff communicated with, cooperated with, and complied with all Defendant METRA's medical department and operating department policies and procedures regarding her treatment; her prescribed medications; and her ability to perform the duties of her position as an apprentice machinist, to the satisfaction of Defendant METRA.**

**ANSWER:** METRA denies the allegations in paragraph 8 of Plaintiff's Third Amended Complaint.

**9. Defendant METRA's medical department reviewed Plaintiff's prescribed medications and cleared her to work while taking the medications.**

**ANSWER:** METRA denies the allegations in paragraph 9 of Plaintiff's Third Amended Complaint.

**10. Beginning in 2015 following her diagnosis and treatment for her serious and chronic physical and mental illnesses discussed in paragraph seven (7) above, Defendant**

**METRA advised Plaintiff to apply for Intermittent Family Medical Leave in the event her medical conditions warranted her taking time off work due to her physical and mental condition.**

**ANSWER:** METRA denies the allegations in paragraph 10 of Plaintiff's Third Amended Complaint.

**11. Plaintiff complied with Defendant METRA's request regarding FMLA, and on an annual basis, applied for FMLA status.**

**ANSWER:** METRA denies the allegations in paragraph 11 of Plaintiff's Third Amended Complaint.

**12. Following each application by the Plaintiff for FMLA benefits, she was approved by Defendant METRA's Medical and Human Resource Department.**

**ANSWER:** METRA denies the allegations in paragraph 12 of Plaintiff's Third Amended Complaint.

**13. As part of the application process for FMLA benefits, Plaintiff was required to identify her illnesses; prescribed medication; treatment plan; and have the application reviewed and signed by her treating physician. Plaintiff fully complied with this process.**

**ANSWER:** METRA denies the allegations in paragraph 13 of Plaintiff's Third Amended Complaint.

**14. Following Plaintiff's diagnosis in February of 2015, Plaintiff was required to provide Defendant METRA on an annual basis a list of her prescribed medications, and she fully complied with this policy.**

**ANSWER:** METRA denies the allegations in paragraph 14 of Plaintiff's Third Amended Complaint.

**15. From the date of her diagnosis of the serious and chronic conditions set forth above at paragraph seven (7), Defendant METRA, up to and through the date of the complained of incidents, has been aware of Plaintiff's condition; course of medical treatment; and proscribed medications to treat her conditions.**

**ANSWER:** METRA denies the allegations in paragraph 15 of Plaintiff's Third Amended Complaint.

**16.    In or around July of 2019 Plaintiff completed her apprenticeship program with the machinist's union and has been employed as a machinist by Defendant METRA since, fully satisfying her job duties and responsibilities.**

**ANSWER:**    METRA admits that in or around July 2019 Plaintiff completed the Machinist Apprenticeship and denies the remaining allegations in paragraph 16 of Plaintiff's Third Amended Complaint.

**17.    In December of 2019, Plaintiff again conferred with Defendant METRA's Medical Review Officer regarding her disability; her list of prescribed medications; and her job duties and responsibilities as a METRA machinist.**

**ANSWER:**    METRA denies the allegations in paragraph 17 of Plaintiff's Third Amended Complaint.

**18.    In December of 2019, following Plaintiff's meeting with Defendant METRA's Medical Review Officer, METRA again validated that the Plaintiff's prescribed medications could be taken at work, and she was approved and cleared to work while taking the prescribed medications.**

**ANSWER:**    METRA denies the allegations in paragraph 18 of Plaintiff's Third Amended Complaint.

**19.    As of December of 2019, and at all times subsequent, Defendant METRA, Plaintiff's employer was again aware of her disability as set forth in paragraph seven (7) above; was aware of her prescribed medications; was aware of her job duties and responsibilities as a machinist for Defendant Metra; and approved and cleared her to work her job with Defendant METRA.**

**ANSWER:**    METRA denies the allegations in paragraph 19 of Plaintiff's Third Amended Complaint.

**20.    On or about October 17, 2022, Plaintiff was required by Defendant METRA to submit to a drug test while at work. Plaintiff complied with Defendant's request, submitted to a drug test, and was subsequently advised that she failed the test, and she was removed from service.**

**ANSWER:**    METRA admits that on or around October 10, 2022, Plaintiff was tested as part of a random drug/alcohol testing pursuant to METRA's Drug and Alcohol Policy; that Plaintiff's test

yielded a positive result; and that on or around October 17, 2022, Plaintiff was removed from service effective immediately. METRA denies the remaining allegations in paragraph 20 of Plaintiff's Third Amended Complaint.

**21. On October 31, 2022 Plaintiff's employment with Defendant METRA was terminated, allegedly for the failed drug test.**

**ANSWER:** METRA admits that in a Notice of Discipline dated October 31, 2022, Plaintiff was terminated for a stand-alone dismissible rule violation, following Plaintiff's voluntarily signing a Request for Waiver of Formal Investigation in which she acknowledged that she understood, agreed to, and accepted the assessment of the discipline of "Step # 5—Dismissal" to be placed on her record. METRA denies the remaining allegations in paragraph 21 of Plaintiff's Third Amended Complaint.

## COUNT I

**22. At any and all times relevant hereto, Plaintiff was, and still is a qualified individual entitled to the rights and protections afforded by the Civil Rights Act of 1964.**

**ANSWER:** Paragraph 22 of Plaintiff's Third Amended Complaint states legal conclusions, not allegations of fact, for which no answer is required. To the extent that an answer is required, METRA denies.

**23. Since at least February of 2015 Plaintiff was diagnosed with severe and chronic physical and mental illness as set forth in detail at paragraph seven (7) above, that caused her to seek ongoing medical and psychological treatment, including a regiment of prescription medication along with Cognitive Behavioral Therapy (CBT) to carry out her activities of normal life.**

**ANSWER:** METRA denies the allegations in paragraph 23 of Plaintiff's Third Amended Complaint.

**24. Defendant METRA was aware of her diagnosis; her course of treatment; and her prescribed medication.**

**ANSWER:** METRA denies the allegations in paragraph 24 of Plaintiff's Third Amended Complaint.

25. Defendant METRA advised Plaintiff beginning in or around 2015 to apply for Intermittent Family Leave so that in the event she was required to miss time from work, she would have FMLA time available to her.

**ANSWER:** METRA denies the allegations in paragraph 25 of Plaintiff's Third Amended Complaint.

26. With knowledge of Plaintiff's physical and mental chronic illness, Defendant METRA cleared Plaintiff to perform her work duties by accommodating her prescription medication.

**ANSWER:** METRA denies the allegations in paragraph 26 of Plaintiff's Third Amended Complaint.

27. On or about October 17, 2022 Plaintiff was contacted by a management employee of Defendant and ordered to undergo a drug test, Plaintiff responded in the affirmative and complied with Defendant's order. Plaintiff, at that time, and at all subsequent times, up to and including the present was and is qualified to assume the position of Machinist. On or around October 17 2022, including prior to the date in question, Defendant was aware that Plaintiff had been prescribed certain medications; Defendant was aware that Plaintiff suffered a disability, including the nature and extent of the disability; Defendant had been provided a list of prescribed medications; and Defendant and its medical staff, including its Medical Review Officer had approved Plaintiff to work and perform the duties of her position while taking the prescribed medications. According to Defendant, on October 17, 2022 Plaintiff failed said drug test.

**ANSWER:** METRA admits that on or about October 10, 2022, Plaintiff was tested as part of a random drug/alcohol testing pursuant to METRA's Drug and Alcohol Policy, and that Plaintiff's test yielded a positive result. METRA denies the remaining allegations in paragraph 27 of Plaintiff's Third Amended Complaint.

28. At any and all times relevant hereto, Plaintiff's course of prescribed medications did not affect her ability to perform the job and duties of Machinist with Defendant and Defendant METRA had previously reviewed, cleared, and accommodated Plaintiff to perform her job duties and responsibilities as a machinist while taking her prescribed medications.

**ANSWER:** METRA denies the allegations in paragraph 28 of Plaintiff's Third Amended Complaint.

## COUNT II

29. At any and all times relevant hereto, Plaintiff was and still is a qualified individual entitled to the rights and protections afforded by the Civil Rights Act of 1964 and has a viable cause of action for her actual discharge from employment in retaliation for the exercise of rights protected by Title VII (42 USC §§2000e to 2000e-17).

**ANSWER:** This Court granted METRA's Motion to Dismiss Count II of Plaintiff's Third Amended Complaint in its entirety with prejudice. Thus, no answer is required with regard to the allegations in paragraphs 29 through 31. To the extent that an answer is required, Metra denies.

30. On or about October 17, 2022, the Defendant retaliated against Plaintiff for failing an employment drug test, while taking medications approved by Defendant and terminated Plaintiff's employment in retaliation for her pursuit of her rights in violation of 42 USC §§ 2000e to 2000e-17, and the Americans with Disability Act of 1990, 42 U.S.C. Section 12101 *et seq* (1990). Plaintiff was subjected to drug testing that no other similarly situated employee was subjected to. Defendant subsequently returned Plaintiff to her employment on December 21, 2022, however, has continued to subject her to discriminatory drug testing when similarly situated employees were not required to submit to such drug testing. Defendant METRA has not reimbursed Plaintiff for her lost wages and benefits during the time of her termination.

**ANSWER:** This Court granted METRA's Motion to Dismiss Count II of Plaintiff's Third Amended Complaint in its entirety with prejudice. Thus, no answer is required with regard to the allegations in paragraphs 29 through 31. To the extent that an answer is required, METRA denies.

31. At any and all times relevant hereto, Plaintiff's pursuit of her rights under the Civil Rights Act of 1964 did not affect her ability to perform the job and duties of her position with the Defendant, as set forth above.

**ANSWER:** This Court granted METRA's Motion to Dismiss Count II of Plaintiff's Third Amended Complaint in its entirety. Thus, no answer is required with regard to the allegations in paragraphs 29 through 31. To the extent that an answer is required, METRA denies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATIE L. CUNNINGHAM asks the Court:

A. To enter judgment, upon the verdict of a jury, in her favor and against the Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD, d/b/a METRA, in the maximum amount allowed by statute for compensatory and punitive damages;

B. For all back pay and interest, plus equitable relief as may be appropriate to effectuate the purposes of the Acts.

C. For attorney's fees and costs of the suit, including expert witness fees pursuant to Titel 42 U.S.C. §§2000e-5(k) incorporated into Section 107 of the Act.

METRA denies that Plaintiff is entitled to any relief as sought in her prayer for relief.

## AFFIRMATIVE DEFENSES

**NOW COMES** Defendant Northeast Illinois Regional Commuter Railroad, d/b/a/ METRA ("METRA"), incorporating its answers in full to the foregoing allegations of Plaintiff's Third Amended Complaint, and for its Affirmative Defenses asserts further:

**FIRST AFFIRMATIVE DEFENSE**: METRA asserts the affirmative defense of waiver as Plaintiff's Count I claim is barred due to a valid leniency reinstatement agreement executed by the parties on October 31, 2022. By voluntarily signing the leniency reinstatement agreement, as indicated by its terms, Plaintiff agreed to a bar of any and all claims on her behalf in connection with this leniency reinstatement or incidents prior to the date of the leniency reinstatement agreement, and agreed to release METRA from any and all liability and responsibility for actions taken in accordance with the agreement. As such, Plaintiff is barred from bringing forth any claims related to the leniency reinstatement, including her claims in this action.

**SECOND AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's Count I claim is barred for lack of jurisdiction, as Plaintiff pleads a claim under Title VII in Count I, but in her

EEOC charge she alleged only a violation of the ADA, thus failing to exhaust her administrative remedies with regard to any claims brought pursuant to Title VII in this action.

**THIRD AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's Count I claim is barred by Plaintiff's failure to obtain a right-to-sue letter from the EEOC with respect to any claims under Title VII, as her EEOC charge contains only allegations of violations of the ADA, and Plaintiff has provided no grounds justifying her failure to exhaust her remedies and/or pursue her claims pursuant to Title VII with the EEOC and obtain a right-to-sue letter with respect to any Title VII claims.

**FOURTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's Count I claim is barred as it is improperly pled under Title VII, as Plaintiff may not bring a claim for alleged disability discrimination pursuant to Title VII, and Plaintiff fails to allege discrimination based on any protected class under Title VII in Count I.

**FIFTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's failure to exhaust her remedies under the collective bargaining agreement bars her Count I claim, as Plaintiff fails to plead that she exhausted the grievance and arbitration procedures provided by the collective bargaining agreement before filing the instant action.

**SIXTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's Count I claim is barred in whole or in part by Plaintiff's failure or neglect to mitigate her alleged damages and/or failure to plead an entitlement to any damages including but not limited to back wages and equitable relief, insofar as Plaintiff failed or neglected to utilize internal complaint procedures available, and/or failed or neglected to notify any member of management or otherwise make a demand regarding her complaints as alleged in the instant action.

**SEVENTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff fails to plead a valid cause of action in Count I, including a claim for disability discrimination, as Plaintiff fails to plead sufficient facts to show (1) that she had a physical or mental impairment that rose to the level of a disability within the meaning of the ADA (including showing that an alleged impairment substantially limited her ability to perform any alleged major life activity as defined under the ADA); (2) that she was qualified to perform the essential functions of her job with or without reasonable accommodation; and (3) that she suffered an adverse employment action because of her alleged disability, as regulated employees must submit to federally required drug testing pursuant to METRA's Drug and Alcohol Policy, and METRA considers employees to consent to testing as described in its Policy, with consent specifically implied by performance of service; and both Title VII and the ADA allow for reasonable and uniform drug testing policies, particularly for employees under the jurisdiction of the Department of Transportation.

**EIGHTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff failed to properly plead a Title VII claim and failed to properly plead punitive damages under Title VII, under the standard set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999); alternatively, to the extent that Plaintiff attempts to plead punitive damages under the ADA, Plaintiff fails to do so as punitive damages are not available under the ADA.

**NINTH AFFIRMATIVE DEFENSE**: METRA asserts that Plaintiff's Count I claim is barred due to lack of timeliness, as Plaintiff failed to timely file an amended complaint or a timely response to METRA motion to dismiss and instead filed an untimely amended complaint.

**Defendant METRA reserves the right to amend and assert additional defenses that may arise as it obtains additional information throughout the discovery process.**

## CONCLUSION

WHEREFORE, Defendant METRA respectfully requests that the Court dismiss Plaintiff's Third Amended Complaint in its entirety with prejudice; deny Plaintiff's request for damages; award METRA its reasonable attorneys' fees for defending against this action; and grant such other relief as the Court deems just and equitable.

**Dated**: September 2, 2025

Respectfully submitted,

**NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA**

By: */s/ Renée L. Koehler*
Renée L. Koehler
KOEHLER DINKEL LLC
900 South Frontage Road, Suite 300
Woodridge, Illinois 60517
Phone: (630) 505-9939
Email: rkoehler@kdllclaw.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 2, 2025, she caused to be filed electronically the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

James T. Foley
FOLEY LAW GROUP, LLC
580 Oakmont Lane
Westmont, Illinois 60559
Phone: (630) 908-3508
Email: jfoley@foleylawgroup.com

                                  By:    */s/ Renée L. Koehler*
                                               Renée L. Koehler
                                               KOEHLER DINKEL LLC
                                               900 South Frontage Road, Suite 300
                                               Woodridge, Illinois 60517
                                               Phone: (630) 505-9939
                                               Email: rkoehler@kdllclaw.com